# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MILTON E. BALTIMORE, | : | |
| | : | |
| Plaintiff | : | Civil Action No. |
| v. | : | |
| | : | |
| TYCO ELECTRONICS | : | JURY TRIAL DEMANDED |
| CORPORATION d/b/a TE | : | |
| CONNECTIVITY, | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

## PARTIES

1. Plaintiff, Milton E. Baltimore ("Mr. Baltimore" or "Plaintiff"), an adult African American person of color, currently resides at 2501 Clayton Avenue, Harrisburg, Dauphin County, Pennsylvania 17109.

2. Defendant, Tyco Electronics Corporation d/b/a TE Connectivity ("Defendant" or "Tyco"), is a Pennsylvania corporation doing business and having offices in Pennsylvania including at 2800 Fulling Mill Road, Middletown, Dauphin County, Pennsylvania 17057.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action because Mr. Baltimore's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§2000(e), as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a; and the Civil Rights Act of 1866, 42 U.S.C. §1981.

4. This is a civil action involving claims in excess of $75,000, exclusive of interest and costs. Jurisdiction is based on 28 U.S.C. §1331 (federal question).

5. Mr. Baltimore exhausted his administrative remedies by filing a complaint against Defendant with the Pennsylvania Human Relations Commission, which was dual filed with the Equal Employment Opportunity Commission ("EEOC") at Charge No. 17F-2016-60807.

6. Mr. Baltimore received the EEOC's notice of right to sue fewer than 90 days before his filing of this complaint.

7. Venue over this action lies with the United States District Court for the Middle District of Pennsylvania.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

8. From approximately October 31, 1977 to December 1, 2015, Mr. Baltimore worked as an employee for Defendant at its Middletown, PA facility.

9. At all relevant times, Defendant had more than 500 employees.

10. At all relevant times, Mr. Baltimore was qualified for his position and was capable of performing his essential job functions.

11. As an African American person of color, Mr. Baltimore was and is a member of a "protected class" within the meaning of Title VII and related statutes.

12. During his employment, Mr. Baltimore engaged in "protected activity" within the meaning of Title VII.

13. Mr. Baltimore worked in various capacities for Tyco during his lengthy career and applied for numerous better-paying jobs with Tyco, none of which resulted in a job offer or promotion.

14. As one of the relatively few African Americans in his department, Mr. Baltimore was held to a different standard because he had a considerably greater workload as compared to his peers and was not evaluated based on the entirety of his work performance, as were his white comparators.

15. Mr. Baltimore complained about being treated differently and unfavorably throughout his employment with Tyco including on October 20, 2015, during which he complained about his unequal wages and Tyco's refusal to offer him a promotion.

16. Mr. Baltimore was further subjected to disparate treatment because he was only provided with 30 days in which to improve his performance under a Performance Improvement Plan, whereas his white comparators were routinely provided with 60 to 90 days to improve their performance and were not ultimately terminated.

17. At various relevant times, Mr. Baltimore was subjected to severe or pervasive racial harassment by management and other employees including a

company-wide newsletter that was distributed by management depicting a head shot of Mr. Baltimore pointing a gun.   The altered photograph was released without Mr. Baltimore's knowledge or consent.

18. On December 1, 2015, Mr. Baltimore received a call from his supervisor, Jenny Capwell, who inquired whether he had forgotten about "the meeting."

19. In response, Mr. Baltimore confirmed that no such meeting had been scheduled, but Ms. Capwell simply provided him with the meeting room number.

20. Instead of expecting a business meeting when he walked into the room, Mr. Baltimore was confronted with Ms. Capwell, Nicole (last name currently unknown), an HR Representative, and another supervisor.

21. Instead of addressing the purported business reason for the meeting, Ms. Capwell abruptly informed Mr. Baltimore that Tyco was firing him because he had not sufficiently improved in his sales force numbers.

22. Before being fired, Mr. Baltimore had repeatedly complained to management that Tyco's arbitrary assessment of his sales force performance was unjustified and distorted because it did not reflect a significant portion of his work.

23. Mr. Baltimore was discriminated against as compared to his white comparators in terms of the terms, conditions, privileges, and compensation of employment.

24. Tyco, its supervisors, and decision-makers discriminated, harassed, and retaliated against Mr. Baltimore, an African American person of color, and treated him unfairly and unfavorably with respect to the terms, conditions, and privileges of his employment, and with respect to his evaluations and ultimate termination, as compared to employees who were not members of his protected class.

25. Tyco had no legitimate, nondiscriminatory reason for its disparate treatment of Mr. Baltimore and its adverse actions against Mr. Baltimore including, without limitation, his evaluations and job termination.

26. Defendant's and its employees' actions were merely a pretext for their unlawful violations of Title VII.

### COUNT I
### RACIAL/NATIONAL ORIGIN/COLOR HARASSMENT AND DISCRIMINATION

27. Mr. Baltimore incorporates by reference herein paragraphs 1 through 26 above.

28. At all relevant times, Mr. Baltimore was qualified for his position with Defendant and was capable of performing the essential functions of his job.

29. Defendant's actions, inactions, practices, and illegally and inconsistently applied policies were in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C. §2000(e), as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a; and the Civil Rights Act of 1866, 42 U.S.C. §1981.

30. As a result of Defendant's unlawful conduct, Mr. Baltimore has sustained lost wages, lost overtime, lost bonuses, lost retirement and employee benefits, medical expenses, and other unliquidated losses and damages in excess of $75,000, plus interest and costs.

31. As a further result of Defendant's unlawful conduct, Mr. Baltimore has suffered emotional pain, suffering, inconvenience, mental anguish, depression, anxiety, related medical and mental health conditions, and loss of life's enjoyment in an unliquidated amount in excess of $75,000, plus interest and costs.

32. Additionally, as a result of Defendant's intentional wrongdoing, which was committed in bad faith and in reckless disregard of his interests, Mr. Baltimore is entitled to punitive damages under federal law in excess of $75,000, plus interest and costs.

**WHEREFORE**, Mr. Baltimore demands that judgment be entered in his favor and against Defendant, Tyco Electronics Corporation d/b/a TE Connectivity, including the following relief:

A. reinstatement to Mr. Baltimore's prior position or a comparable position with Defendant;

B. compensation for back pay, front pay, lost retirement, lost wages, medical expenses, and other lost employee benefits;

C. compensatory, statutory, and punitive damages in amounts to be determined at trial;

D. attorneys' fees, costs, and interest; and

E. such other relief as the Court deems appropriate.

## COUNT II
## RACIAL/NATIONAL ORIGIN/COLOR RETALIATION

33. Mr. Baltimore incorporates by reference herein paragraphs 1 through 32 above.

34. As averred more fully above, at various relevant times, Mr. Baltimore complained to Tyco's hotline, its Human Resources Department, and supervisors about discriminatory treatment and repeatedly opposed racial harassment, as well as the discriminatory and racially hostile practices of Defendant's employees, supervisors, and/or decision-makers.

35. Before and after Mr. Baltimore raised his complaints, Defendant engaged in a pattern and practice of discriminatory and retaliatory conduct including disparate treatment, disparate evaluation, and abrupt termination.

36. Defendant's actions, inactions, practices, and illegally and inconsistently applied policies were in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C. §2000(e), as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a; and the Civil Rights Act of 1866, 42 U.S.C. §1981.

37.  As a result of Defendant's unlawful conduct, Mr. Baltimore has sustained lost wages, lost overtime, lost bonuses, lost retirement and employee benefits, medical expenses, and other unliquidated losses and damages in excess of $75,000, plus interest and costs.

38.  As a further result of Defendant's unlawful conduct, Mr. Baltimore has suffered emotional pain, suffering, inconvenience, mental anguish, depression, anxiety, related medical and mental health conditions, and loss of life's enjoyment in an unliquidated amount in excess of $75,000, plus interest and costs.

39.  Additionally, as a result of Defendant's intentional wrongdoing, which was committed in bad faith and in reckless disregard of his interests, Mr. Baltimore is entitled to punitive damages under federal law in excess of $75,000, plus interest and costs.

**WHEREFORE**, Mr. Baltimore demands that judgment be entered in his favor and against Defendant, Tyco Electronics Corporation d/b/a TE Connectivity, including the following relief:

A.  reinstatement to Mr. Baltimore's prior position or a comparable position with Defendant;

B.  compensation for back pay, front pay, lost retirement, lost wages, medical expenses, and other lost employee benefits;

C.  compensatory, statutory, and punitive damages in amounts to be determined at trial;

D.  attorneys' fees, costs, and interest; and

E.  such other relief as the Court deems appropriate.

Respectfully submitted,

KEEFER WOOD ALLEN & RAHAL, LLP

Dated:  08/18/2021          By:  s/ Bradford Dorrance
Bradford Dorrance, PA I.D. #32147
417 Walnut Street, 3rd Floor, Rear
P. O. Box 11963
Harrisburg, PA   17108-1963
bdorrance@keeferwood.com
(717) 255-8014 (phone)

(Attorneys for Plaintiff)